UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

KRISTEN KING,

                Plaintiff,

       -against-                          Civil Action No. 1:19-cv-00077

ARAMARK SERVICES, INC.,              *Electronically filed*

                Defendant.

## DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS PARTIAL MOTION TO DISMISS PLAINTIFF'S COMPLAINT

**HODGSON RUSS LLP**

Patrick E. Fitzsimmons
The Guaranty Building
140 Pearl Street, Suite 100
Buffalo, New York 14202

**MORGAN, LEWIS & BOCKIUS LLP**

Chelsea L. Conanan (*admission application forthcoming*)
101 Park Avenue
New York, New York 10178

OF COUNSEL

Anne E. Martinez (*admission application forthcoming*)
1701 Market Street
Philadelphia, PA 19103

*Attorneys for Defendant Aramark Services, Inc.*

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ........................................................................................................... 1
II. STATEMENT OF ALLEGED FACTS ......................................................................... 1
    A. Plaintiff's Employment With Aramark ............................................................... 1
    B. Procedural History .............................................................................................. 2
III. LEGAL STANDARD ..................................................................................................... 3
IV. ARGUMENT .................................................................................................................. 4
    A. Plaintiff Cannot Maintain Her NYSHRL Claims Against Aramark ................... 4
    B. Plaintiff's Harassment And Discrimination Claims Fail As A Matter Of Law For Additional Reasons ....................................................................................... 7
        1. The Complaint Fails To State Plausible Gender-Based Harassment Claims ..................................................................................................... 7
        2. The Complaint Fails To State Plausible Gender Discrimination Claims ................................................................................................... 10
V. CONCLUSION ............................................................................................................. 12

## TABLE OF CONTENTS
(continued)

Page

## **TABLE OF AUTHORITIES**

Page(s)

**CASES**

*Alfano v. Costello*,
   294 F.3d 365 (2d Cir. 2002) ................................................................................................... 8

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ............................................................................................................... 3

*ATSI Comm., Inc. v. Shaar Fund, Ltd.*,
   493 F.3d 87 (2d Cir. 2007) ..................................................................................................... 3

*Barr v. Abrams*,
   810 F.2d 358 (2d Cir. 1987) ................................................................................................... 3

*Bath Petroleum Storage, Inc. v. Mkt. Hub Partners, L.P.*,
   129 F. Supp. 2d 578 (W.D.N.Y. 2000) ................................................................................... 3

*Beckett v. Prudential Ins. Co.*,
   893 F. Supp. 234 (S.D.N.Y. 1995) ......................................................................................... 6

*Bell Atlantic Corp. v. Twombly*,
   550 U.S. 544 (2007) ............................................................................................................... 3

*Blundell v. Wake Forest Univ. Baptist Med. Ctr.*,
   No. 03-998, 2006 WL 694630 (M.D.N.C. Mar. 15, 2006) ..................................................... 6

*Burlington N. & Santa Fe Ry. Co. v. White*,
   548 U.S. 53 (2006) ................................................................................................................. 9

*Cortec Indus., Inc. v. Sum Holding L.P.*,
   949 F.2d 42 (2d Cir. 1991) ..................................................................................................... 3

*Curto v. Med. World Communs., Inc.*,
   388 F. Supp. 2d 101 (E.D.N.Y. 2005) .................................................................................... 6

*Dechberry v. New York City Fire Dep't*,
   124 F. Supp. 3d 131 (E.D.N.Y. 2015) .................................................................................. 12

*Drummond v. IPC Int'l, Inc.*,
   400 F. Supp. 2d 521 (E.D.N.Y. 2005) .................................................................................. 12

## TABLE OF CONTENTS
(continued)

Page

*E.E.O.C. v. Bloomberg L.P.*,
  967 F. Supp. 2d 816 (S.D.N.Y. 2013) ................................................................................5

*Faragher v. City of Boca Raton*,
  524 U.S. 775 (1998) ............................................................................................................9

*Finnegan v. Univ. of Rochester Med. Ctr.*,
  180 F.R.D. 247, 249–50 (W.D.N.Y. 1998) ......................................................................n.1

*Fleming v. MaxMara USA, Inc.*,
  371 F. App'x 115 (2d Cir. 2010) ........................................................................................9

*Gertskis v. EEOC*,
  No. 11-5830, 2013 WL 1148924 (S.D.N.Y. Mar. 20, 2013), *aff'd sub nom.
  Gertskis v. EEOC*, 594 F. App'x 719 (2d Cir. 2014) .......................................................11

*Hammell v. Banque Paribas*,
  780 F. Supp. 196 (S.D.N.Y. 1991) .....................................................................................6

*Hoffman v. Parade Publn's*,
  15 N.Y.3d 285 (2010) .........................................................................................................5

*Iwankow v. Mobil Corp.*,
  541 N.Y.S.2d 428 (N.Y. App. Div. 1989) .....................................................................4, 7

*Kelly v. Howard I. Shapiro & Associates Consulting Engineers, P.C.*,
  716 F.3d 10 (2d Cir. 2013) .................................................................................................8

*Lekettey v. City of New York*,
  637 F. App'x 659 (2d Cir. 2016) ......................................................................................11

*Macias v. Barrier Free Living, Inc.*,
  No. 16-1735, 2018 WL 1603566 (S.D.N.Y. Mar. 28, 2018) ..............................................9

*Maines v. Last Chance Funding, Inc.*,
  No. 17-05453, 2018 WL 4558408 (E.D.N.Y. Sept. 21, 2018), amended, No.
  17-05453, 2018 WL 4610898 (E.D.N.Y. Sept. 25, 2018) ..................................................4

*Marcus v. Barilla Am. NY, Inc.*,
  14 F. Supp. 3d 108 (W.D.N.Y. 2014) ............................................................................8, 9

*Meyer v. New York State Office of Mental Health*,
  679 F. App'x 89 (2d Cir. 2017), *cert. denied*, 138 S. Ct. 143, 199 L. Ed. 2d 36
  (2017) ..........................................................................................................................6, 10

## TABLE OF CONTENTS
(continued)

Page

*Mosdos Chofetz Chaim, Inc. v. Vill. of Wesley Hills*,
  815 F. Supp. 2d 679 (S.D.N.Y. 2011) ................................................................................... 11

*Neitzke v. Williams*,
  490 U.S. 319 (1989) ................................................................................................................ 3

*Oncale v. Sundowner Offshore Servs.*,
  523 U.S. 75 (1998) .................................................................................................................. 9

*Perry v. Ethan Allen, Inc.*,
  115 F.3d 143 (2d Cir. 1997) .................................................................................................... 7

*Raum v. Laidlaw Ltd.*,
  173 F.3d 845 (2d Cir. 1999) .................................................................................................... 8

*Sherwood v. Olin Corp.*,
  772 F. Supp. 1418 (S.D.N.Y. 1991) ........................................................................................ 5

*Szewczyk v. City of New York*,
  No. 15- 918, 2016 WL 3920216 (E.D.N.Y. July 14, 2016) ................................................... 12

*Thompson v. New York City*,
  No. 12-8034, 2013 WL 6409326 (S.D.N.Y. Dec. 9, 2013) ................................................... 11

*Tolbert v. Smith*,
  790 F.3d 427 (2d Cir. 2015) ................................................................................................ 7, 8

*Torrico v. Int'l Bus. Machines Corp.*,
  213 F. Supp. 2d 390 (S.D.N.Y. 2002) ..................................................................................... 4

*Tufano v. One Toms Point Lane Corp.*,
  64 F. Supp. 2d 119 (E.D.N.Y. 1999), *aff'd*, 229 F.3d 1136 (2d. Cir. 2000) ........................... 3

*Zuffante v. Elderplan, Inc.*,
  No. 02-3250, 2004 WL 744858 (S.D.N.Y. Mar. 31, 2004) .................................................. 12

### STATUTES

28 U.S.C. § 1404(a) ...................................................................................................................... 5

Civil Rights Act of 1964 Title VII ................................................................................................ 1

N.Y. Exec. L. § 298-a ................................................................................................................... 6

N.Y. Exec. Law § 298-a(1) ........................................................................................................... 4

# TABLE OF CONTENTS
(continued)

**Page**

New York State Human Rights Law ............................................................. i, 1, 4, 5, 6, 7, 8, 9, 12

Title VII ................................................................................................................. i, 7, 8, 9, 12

**OTHER AUTHORITIES**

Fed. R. Civ. P. 12 ....................................................................................................................11

Fed. R. Civ. P. 12(b)(6) ..............................................................................................................3

Defendant Aramark Services, Inc. ("Aramark"), by its attorneys, Morgan, Lewis & Bockius LLP, hereby respectfully submits this Memorandum of Law in support of its Partial Motion to Dismiss Plaintiff's Complaint.[1]

## I. INTRODUCTION

The claims asserted by Plaintiff Kristen King ("Plaintiff") for gender-based hostile work environment harassment and gender discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII") or the New York State Human Rights Law (the "NYSHRL") fail for multiple reasons and the Court should grant Aramark's Partial Motion to Dismiss.

As an initial matter, Plaintiff cannot maintain any claims under the NYSHRL because she was not a resident of New York at the time that the alleged incidents underlying her claims occurred and none of the alleged incidents occurred in New York. Plaintiff's harassment and discrimination claims also fail as a matter of law because she fails to plausibly allege that the alleged discrimination she experienced was so sufficiently severe or pervasive as to alter the terms and conditions of her employment, or that any such incidents were gender-based.

For the reasons explained more fully below, the Court should dismiss with prejudice Plaintiff's NYSHRL claims in their entirety, Plaintiff's gender-based hostile work environment harassment claims in their entirety, and Plaintiff's gender discrimination claims in their entirety.

## II. STATEMENT OF ALLEGED FACTS[2]

### A. Plaintiff's Employment With Aramark

Aramark has a contract with Valley Health System ("VHS"), which comprises six hospitals located in Virginia and West Virginia, to provide food and environmental services at

---

[1] The filing of a partial motion under Rule 12 suspends a defendant's time to respond to the entirety of a plaintiff's complaint. *Finnegan v. Univ. of Rochester Med. Ctr.*, 180 F.R.D. 247, 249–50 (W.D.N.Y. 1998) (collecting cases).

[2] For purposes of this Motion only, the facts alleged in Plaintiff's Complaint, though disputed by Aramark, are deemed to be true.

these VHS facilities (the "VHS account"). Compl. ¶ 14. From approximately April 2012 through September 21, 2017, Plaintiff worked for Aramark as a General Manager, Multiunit-Food for the six Virginia and West Virginia-based hospitals in the VHS account. Compl. ¶ 14. From February 2015 until September 21, 2017, Plaintiff reported to Griffith Thomas, an Aramark District Manager overseeing the VHS account. Compl. ¶¶ 20-21.

As a General Manager, Plaintiff had responsibility for overseeing the directors and/or managers who worked at the VHS account and ensuring Aramark met its contractual obligations on a day-to-day basis. Compl. ¶ 14. These responsibilities necessarily required that Plaintiff "travel frequently between [VHS's] facilities" in Virginia and West Virginia to attend meetings and perform related work. *Id.* Indeed, when Plaintiff accepted the General Manager position for VHS, she rented a home in Stanley, Virginia, which is near one of VHS's hospitals, where Plaintiff alleges she worked from a home office, and she also used office space at Winchester Medical Center (located in Winchester, Virginia). Compl. ¶¶ 14, 15, 16. Plaintiff further alleges that Aramark reimbursed her for mileage incurred commuting from her Virginia home to VHS's various facilities in Virginia and West Virginia. Compl. ¶ 16. While Plaintiff claims that during her employment with Aramark, she also had a home in Hamburg, New York from which she would sometimes work, she claims that on or about March 21, 2017, Aramark stopped permitting her to do any work from her New York home. Compl. ¶¶ 48, 51.

On September 21, 2017, Mr. Thomas, who was in Virginia at the time, and Kelly Barrett, an Aramark Human Resources Director based in North Carolina at the time, informed Plaintiff that Aramark was terminating her employment. Compl. at ¶¶ 9, 63, 73.

**B.    Procedural History**

On July 17, 2018, Plaintiff allegedly dual-filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and New York State Division of Human

2

Rights. Compl. at ¶ 79. On or about October 17, 2018, the EEOC issued Plaintiff a Notice of Right to Sue. *Id.* On January 14, 2019, Plaintiff filed her Complaint in this Action. Dkt. No. 1.

### III. LEGAL STANDARD

The purpose of Fed. R. Civ. P. 12(b)(6) is to "streamline litigation by dispensing with needless discovery and fact-finding" and eliminating baseless claims. *Neitzke v. Williams*, 490 U.S. 319, 319 (1989). To withstand a motion to dismiss, a Complaint must contain sufficient factual matters to "state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). A facially plausible claim may not be supported by conclusory allegations, but must allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Accordingly, a Rule 12(b)(6) motion will be granted if the plaintiff has not alleged sufficient factual allegations "to raise a right to relief above the speculative amount." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Moreover, where a plaintiff alleges violations of a civil rights statute, the allegations in the complaint must contain specific violations and not merely "'a litany of general conclusions that shock but have no meaning.'" *Tufano v. One Toms Point Lane Corp.*, 64 F. Supp. 2d 119, 123 (E.D.N.Y. 1999), *aff'd*, 229 F.3d 1136 (2d. Cir. 2000) (*quoting Barr v. Abrams*, 810 F.2d 358, 363 (2d Cir. 1987)).

To determine if a claim is legally sufficient, a court may consider any document attached to the Complaint as an exhibit, any documents or statements incorporated in the Complaint by reference, any matters of which judicial notice may be taken, and/or any documents on which the plaintiff relied upon in bringing suit. *See ATSI Comm., Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007); *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47-48 (2d Cir. 1991). Where a plaintiff has both possession of the document and relied upon its terms in framing the Complaint, the potential harm to plaintiff in considering such extrinsic evidence-- namely, lack

of notice--is no longer a concern. *See e.g.*, *Bath Petroleum Storage, Inc. v. Mkt. Hub Partners, L.P.*, 129 F. Supp. 2d 578, 581 (W.D.N.Y. 2000) (considering "highly relevant" correspondence between plaintiff and defendant when plaintiff had notice of the contents and relied on that correspondence in bringing suit).

IV.     **ARGUMENT**

   A.     **Plaintiff Cannot Maintain Her NYSHRL Claims Against Aramark.**

The NYSHRL has an explicit provision regarding its extraterritorial application, stating that it only applies to "an act committed outside this state against a resident of this state or against a corporation organized under the laws of this state or authorized to do business in this state, if such act would constitute an unlawful discriminatory practice if committed within this state." N.Y. Exec. Law § 298-a(1). In other words, in order to state a claim under the NYSHRL, Plaintiff must allegations either that: (a) she was a New York state resident during the relevant time period, or (b) a discriminatory act against her was committed in New York. *See Torrico v. Int'l Bus. Machines Corp.*, 213 F. Supp. 2d 390, 406-11 (S.D.N.Y. 2002); *see also Iwankow v. Mobil Corp.*, 541 N.Y.S.2d 428, 429 (N.Y. App. Div. 1989) (citing legislative history and holding that "absent an allegation that a discriminatory act was committed in New York or that a New York State resident was discriminated against, New York's courts have no subject matter jurisdiction over the alleged wrong"). Plaintiff's allegations fail to meet either requirement.

Mere "tangential connections" to New York do not suffice for out-of-state plaintiffs to bring claims under the NYSHRL. *See Maines v. Last Chance Funding, Inc.*, No. 17-05453, 2018 WL 4558408, at *8 (E.D.N.Y. Sept. 21, 2018), amended, No. 17-05453, 2018 WL 4610898 (E.D.N.Y. Sept. 25, 2018) (granting motion to dismiss NYSHRL claims where plaintiff was resident of Georgia, but alleged that he worked daily with New York-based employees and clients and that his termination "deeply impacted" his New York-based coworkers, and

reasoning that "[t]hese are the exact kinds of 'tangential connections' to New York that courts have consistently rejected as a jurisdictional basis for out-of-state plaintiffs to bring claims under the NYSHRL"); *E.E.O.C. v. Bloomberg L.P.*, 967 F. Supp. 2d 816, 865 (S.D.N.Y. 2013) ("[P]ointing to a few occasions in which a claimant performed some work in New York and evidence that certain adverse actions were executed from New York is insufficient to show that the alleged discriminatory events had an impact in New York."); *Sherwood v. Olin Corp.*, 772 F. Supp. 1418, 1420 (S.D.N.Y. 1991) (dismissing plaintiff's NYSHRL claims where plaintiff performed some work within New York but was "stationed at [defendant's] Stamford [Connecticut] headquarters throughout her career with the company" and noting that Connecticut location was "location where all decisions bearing on her employment were made"); *Hoffman v. Parade Publn's*, 15 N.Y.3d 285, 292 (2010) (affirming dismissal of NYSHRL claims for lack of subject matter jurisdiction, and reasoning that allegations by plaintiff, who was non-New York resident, that he attended quarterly meetings in New York, that he was managed from New York, that decision to terminate him was made in New York, and that decisionmaker called him from New York to inform him of termination decision, did not satisfy impact requirement).

While the Complaint alleges that Plaintiff currently resides in Hamburg, New York (*see* Compl. ¶ 3), the Complaint does not allege that she was a resident of New York during the relevant time period for this Action. To the contrary, the allegations in the Plaintiff's Complaint support the inference that she resided in Virginia during the relevant time period:

- She rented a home in Stanley, Virginia while she worked for Aramark (Compl. ¶ 15);

- She maintained a home office in Virginia and used office space at one of VHS's facilities in Virginia (Compl. ¶¶ 14, 16);

- Her Aramark job required her to travel to and from VHS's various sites in Virginia and West Virginia to supervise and observe the operations at each facility (Compl. ¶¶ 14, 17); and

5

- She reported to Mr. Thomas, who lived and worked in Virginia (Compl. ¶ 21; *see* Declaration of Griffith Thomas attached to Defendant's Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a) ("Thomas Decl.") at ¶ 6).

Additionally, the documents attached to this Motion (of which the Court can take judicial notice), contain information that further demonstrates that Plaintiff resided in Virginia, *not* New York, during the relevant time period:

- Plaintiff's résumé lists her Virginia address; and
- Plaintiff's Form I-9 hiring paperwork lists her Virginia address.

*See* Declaration of Patrick E. Fitzsimmons ("Fitzsimmons Decl.") at ¶¶ 3, 4.

Even if Plaintiff could establish that she was a resident of New York during the relevant time period, she still could not maintain her NYSHRL claims because she has not established that any alleged discriminatory or retaliatory act by Aramark occurred in New York. Courts have interpreted the NYSHRL as not providing "a cause of action to a New York resident for discriminatory acts committed outside of New York by a foreign corporation." *Curto v. Med. World Communs., Inc.*, 388 F. Supp. 2d 101, 106 (E.D.N.Y. 2005); *Hammell v. Banque Paribas*, 780 F. Supp. 196, 199 (S.D.N.Y. 1991) ("Although N.Y. Exec. L. § 298-a permits a New York resident to sue a domestic corporation for discriminatory acts committed outside New York, it does not provide a private civil cause of action to New York residents discriminated against out of state by a foreign corporation."); *Beckett v. Prudential Ins. Co.*, 893 F. Supp. 234, 238 (S.D.N.Y. 1995) ("[T]he NYHRL does not provide a cause of action to a *New York* resident for discriminatory acts committed *outside* of New York by a *foreign* corporation.") (emphasis in original); *see also Blundell v. Wake Forest Univ. Baptist Med. Ctr.*, No. 03-998, 2006 WL 694630, at *11-12 (M.D.N.C. Mar. 15, 2006) (dismissing NYSHRL claim on the grounds that court had no jurisdiction over it and reasoning that "Plaintiff has failed to make any showing that any alleged discriminatory act by Defendants occurred in the State of New York.").

6

Here, it is undisputed that Aramark is foreign corporation, not a resident of New York (*see* Compl. ¶ 5), and the relevant Aramark employees (e.g., Mr. Thomas and Ms. Barrett) were not located in New York or in New York when the alleged conduct at issue in this Action allegedly occurred (*see* Compl. ¶¶ 20-73; Thomas Decl. at ¶¶ 5-8), such that Plaintiff cannot maintain her NYSHRL claims against Aramark. *See Iwankow*, 541 N.Y.S.2d at 428 (dismissing NYSHRL claim by plaintiff, an Illinois resident who was informed of rejection of her job application by defendant's New York corporate headquarters, and finding that plaintiff did not allege that alleged discriminatory action "originated at [defendant's] [New York] corporate headquarters"). Thus, Plaintiff fails to plausibly allege that any discriminatory conduct "originated" in New York.

For all of these reasons, the reach of the NYSHRL does not (and should not) extend to Plaintiff's claims and the Court should dismiss Plaintiff's NYSHRL claims.

    **B.**    **Plaintiff's Harassment And Discrimination Claims Fail As A Matter Of Law For Additional Reasons.**

Plaintiff's gender-based harassment and discrimination claims also fail because Plaintiff has not alleged sufficient factual allegations to support them.

        **1.**    **The Complaint Fails To State Plausible Gender-Based Harassment Claims.**

To establish a *prima facie* case of hostile work environment harassment, a plaintiff must show that "the discriminatory harassment was 'sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment,' and 'that a specific basis exists for imputing' the objectionable conduct to the employer. *Tolbert v. Smith*, 790 F.3d 427, 439 (2d Cir. 2015) (affirming dismissal of Title VII and NYSHRL hostile work environment harassment claims) (quoting *Perry v. Ethan Allen, Inc.*, 115 F.3d 143, 149 (2d Cir. 1997)). "It is axiomatic that the plaintiff also must show that the hostile conduct occurred

because of a protected characteristic." *Tolbert*, 790 F.3d at 439. "As a general rule, incidents must be more than 'episodic; they must be sufficiently continuous and concerted in order to be deemed pervasive.' Isolated acts, unless very serious, do not meet the threshold of severity or pervasiveness." *Id.* (quoting *Alfano v. Costello*, 294 F.3d 365, 374 (2d Cir. 2002)).

The Complaint does not identify any offensive gender-based comments made by anyone at any point during Plaintiff's employment. This is fatal for her gender-based hostile work environment harassment claim. *See Kelly v. Howard I. Shapiro & Associates Consulting Engineers, P.C.*, 716 F.3d 10, 15-16 (2d Cir. 2013) (finding decision granting motion to dismiss hostile work environment claims was manifestly correct where plaintiff did not allege sexually explicit behavior or comments of gender-specific nature); *Raum v. Laidlaw Ltd.*, 173 F.3d 845 (2d Cir. 1999) (affirming decision granting motion to dismiss Title VII and NYSHRL hostile work environment claims, because although plaintiff alleged that his supervisor repeatedly subjected him to obscene gestures and comments, "the alleged conduct was neither tinged with offensive sexual connotations nor did it suggest that [plaintiff] was being targeted based on his gender"). Critically, Plaintiff cannot sustain a harassment claim simply by labeling it as gender-based harassment. *Marcus v. Barilla Am. NY, Inc.*, 14 F. Supp. 3d 108, 113-15 (W.D.N.Y. 2014) (granting motion to dismiss on Title VII and NYSHRL gender harassment claims, and reasoning that "[a]lthough plaintiff peppers her complaint with the words, 'threaten,' 'intimidate,' 'humiliate' and 'harass,' the actual conduct she describes – a series of sporadic, isolated incidents in which managers verbally disagreed with plaintiff or criticized her job performance – falls well short, as a matter of law, of describing discriminatory conduct that is objectively threatening, intimidating, humiliating or harassing, let alone so severe or pervasive, as to render her hostile work environment claims plausible," particularly since plaintiff does not allege "that

any comments of a crude, sexual or gender-specific nature were ever made, or that plaintiff was ever ridiculed or humiliated in a manner that suggests a gender-based motive.").

All of the alleged incidents constitute normal workplace strife, which do not give rise to an actionable hostile work environment claim. "Title VII and the NYHRL are not general civility codes requiring supervisors to engage in unfailingly decorous or diplomatic conduct, and they do not empower courts to act as super-personnel departments, poised to question the reasonableness or fairness of every supervisor-employee interaction." *Marcus*, 14 F. Supp. 3d at 114; *see also Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006) (explaining Title VII simply "does not set forth a 'general civility code for the American workplace.'") (quoting *Oncale v. Sundowner Offshore Servs.*, 523 U.S. 75, 80 (1998)). "Simple teasing, offhand comments, and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the terms and conditions of employment" and are not actionable. *Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998) (quotation omitted). "These standards for judging hostility are sufficiently demanding . . . . Properly applied, they will filter out complaints attacking the ordinary tribulations of the workplace, such as the sporadic use of abusive language, gender-related jokes, and occasional teasing." *Id.* (quotation omitted). Indeed, New York courts have dismissed claims where the alleged incidents had no connection to the plaintiff's protected characteristics, and constituted nothing more than petty slights and trivial inconveniences. *See Fleming v. MaxMara USA, Inc.*, 371 F. App'x 115, 119 (2d Cir. 2010) (affirming dismissal of harassment claims, and reasoning plaintiff's "allegations are generally quite minor – she alleges that defendants wrongly excluded her from meetings, excessively criticized her work, refused to answer work-related questions, arbitrarily imposed duties outside of her responsibilities, threw books, and sent rude emails to her. These incidents do not support a finding of a hostile work

environment that is pervasive or severe."); *Macias v. Barrier Free Living, Inc.*, No. 16-1735, 2018 WL 1603566, at *8 (S.D.N.Y. Mar. 28, 2018) (dismissing Title VII and NYSHRL gender-based harassment claims, and reasoning that plaintiff's "allegations – being asked to keep his door open during one-on-one meetings, being the subject of rumors, and not being listened to – are unrelated to [plaintiff's] sex and were not sufficiently severe or pervasive to alter the conditions of his employment). For these reasons, the Court should dismiss Plaintiff's harassment claims.

### 2. The Complaint Fails To State Plausible Gender Discrimination Claims.

Courts analyze gender discrimination claims according to the *McDonnell Douglas* burden-shifting framework. *Meyer v. New York State Office of Mental Health*, 679 F. App'x 89, 90 (2d Cir. 2017) (affirming dismissal of Title VII and NYSHRL gender discrimination claims), *cert. denied*, 138 S. Ct. 143, 199 L. Ed. 2d 36 (2017). According to this framework, a plaintiff must plead sufficient facts to support a *prima facie* case of discrimination. *Id.* To make out her *prima facie* case, Plaintiff must allege sufficient factual allegations to establish that: (1) she is a member of a protected class; (2) she was qualified for the position she held; (3) she suffered an adverse employment action; and (4) the adverse employment action occurred under circumstances that give rise to an inference of discrimination. *Id.* Once the plaintiff establishes a *prima facie* case, the burden shifts to the defendant to articulate legitimate, nondiscriminatory reasons for its actions. *Id.* Finally, the burden shifts back to the plaintiff to prove that the defendant's proffered reasons were not the true reason for the employment decision, but rather were merely a pretext for discrimination. *Id.*

Here, Plaintiff cannot satisfy the final element of her *prima facie* case because her allegations do not establish that the termination decision was made for discriminatory reasons.

She has not identified any comments made during her employment or termination meeting indicating that the decision was based on her gender. *See Meyer*, 679 F. App'x at 90 (affirming dismissal of gender discrimination claims and reasoning plaintiff "relied exclusively on conclusory statements that she felt discriminated against on the basis of her gender" and did "not allege that [decisionmaker] made statements about her gender during her employment"). She also has not identified any similarly situated male comparators who engaged in the same conduct that led to her employment termination and who were not terminated. *See generally Thompson v. New York City*, No. 12-8034, 2013 WL 6409326, at *8 (S.D.N.Y. Dec. 9, 2013) (granting defendant's motion to dismiss discriminatory discharge claims, and reasoning "[t]he spare allegations in the [Complaint] supply no nonspeculative basis to conclude that defendants treated [plaintiff] and [plaintiff's colleague] differently based on race," and Complaint had "not 'adequately alleged' that [plaintiff's colleague] 'is similarly situated [to plaintiff] in all material respects and that a prudent person would think [him] roughly equivalent.' ") (quoting *Mosdos Chofetz Chaim, Inc. v. Vill. of Wesley Hills*, 815 F. Supp. 2d 679, 697 (S.D.N.Y. 2011)). Plaintiff cannot simply point to an event and assert it was discriminatory. *See Lekettey v. City of New York*, 637 F. App'x 659, 662 (2d Cir. 2016) (affirming decision granting Rule 12 motion on gender discrimination claims, and reasoning that "[a]lthough plaintiff makes the conclusory assertion that this explanation for her termination was 'pretext,' she simply makes no allegations that would provide a plausible basis for even a minimal inference that this explanation was pretextual, or that her termination was animated by a discriminatory or retaliatory motive."); *Gertskis v. EEOC*, No. 11-5830, 2013 WL 1148924, at *8 (S.D.N.Y. Mar. 20, 2013) (granting motion to dismiss discrimination claims and reasoning that "[p]laintiff's claims are conclusory and devoid of factual content creating a plausible inference of any discriminatory conduct"

where plaintiff "provide[d] no facts to raise any inference that the decisions were motivated by age or race discrimination."), *aff'd sub nom. Gertskis v. EEOC*, 594 F. App'x 719 (2d Cir. 2014); *Dechberry v. New York City Fire Dep't*, 124 F. Supp. 3d 131, 150 (E.D.N.Y. 2015) (granting motion to dismiss gender-based discriminatory termination claim where plaintiff failed to set forth any facts allowing court to plausibly infer that termination was motivated by her gender). The fact that Ms. Barrett, one of the decisionmakers, is also female weakens any suggestion of a discriminatory bias against Plaintiff. *See Szewczyk v. City of New York*, No. 15- 918, 2016 WL 3920216, at *7 n.7 (E.D.N.Y. July 14, 2016) (granting motion to dismiss Title VII and NYSHRL gender discrimination claims and reasoning that fact that decisionmakers were also women "undermines her claim that Defendants discriminated against her on the basis of her gender."); *Zuffante v. Elderplan, Inc.*, No. 02-3250, 2004 WL 744858, at *6 (S.D.N.Y. Mar. 31, 2004) (dismissing Title VII and NYSHRL gender discrimination claims and reasoning that decisionmaker was same gender as plaintiff and invidious discrimination is especially unlikely when decisionmaker is in same protected class as plaintiff, ); *Drummond v. IPC Int'l, Inc.*, 400 F. Supp. 2d 521, 532 (E.D.N.Y. 2005) (dismissing Title VII and NYSHRL claims, noting "a well-recognized inference against discrimination exists where the person who participated in the allegedly adverse decision is also a member of the same protected class"). For these reasons, the Court should dismiss Plaintiff's gender discrimination claims.

## V. **CONCLUSION**

For the foregoing reasons, Aramark respectfully requests that this Court dismiss with prejudice Plaintiff's NYSHRL claims in their entirety, Plaintiff's gender-based hostile work environment harassment claims in their entirety, and Plaintiff's gender discrimination claims in their entirety.

Dated: Buffalo, New York
March 13, 2019

Respectfully submitted,

HODGSON RUSS LLP

By: */s  Patrick E. Fitzsimmons*
Patrick E. Fitzsimmons
The Guaranty Building
140 Pearl Street, Suite 100
Buffalo, NY 14202
Phone: (716) 848-1710
Fax: (716) 961-9965
*pfitzsim@hodgsonruss.com*

MORGAN, LEWIS & BOCKIUS LLP

Chelsea L. Conanan (*admission application forthcoming*)
101 Park Avenue
New York, NY 10178
Phone: (212) 309-6326
Fax: (212) 309-6001
*chelsea.conanan@morganlewis.com*

OF COUNSEL

Anne E. Martinez (*admission application forthcoming*)
1701 Market Street
Philadelphia, PA 19103
Phone: (215) 963-5718
Fax: (215) 963-5001
*anne.martinez@morganlewis.com*


Dated: Buffalo, New York
March 13, 2019

Respectfully submitted,

HODGSON RUSS LLP

By: */s  Patrick E. Fitzsimmons*
Patrick E. Fitzsimmons
The Guaranty Building
140 Pearl Street, Suite 100
Buffalo, NY 14202
Phone: (716) 848-1710
Fax: (716) 961-9965
*pfitzsim@hodgsonruss.com*

MORGAN, LEWIS & BOCKIUS LLP

Chelsea L. Conanan (*admission application forthcoming*)
101 Park Avenue
New York, NY 10178
Phone: (212) 309-6326
Fax: (212) 309-6001
*chelsea.conanan@morganlewis.com*

OF COUNSEL

Anne E. Martinez (*admission application forthcoming*)
1701 Market Street
Philadelphia, PA 19103
Phone: (215) 963-5718
Fax: (215) 963-5001
*anne.martinez@morganlewis.com*

## **CERTIFICATE OF SERVICE**

I, Patrick E. Fitzsimons, hereby certify that a true and correct copy of the foregoing Partial Motion to Dismiss Plaintiff's Complaint, and accompanying Memorandum of Law and Declaration, were filed electronically on March 13, 2019, and is available to all counsel of record for viewing and downloading from the ECF system including:

<div style="text-align:center">

Josephine A. Greco
GRECO TRAPP, PLLC
1700 Rand Building, 14 Lafayette Square
Buffalo, New York 14203
E-mail Address: *jgreco@grecolawyers.com*

*Attorney for Plaintiff*

</div>

*/s/ Patrick E. Fitzsimmons*
Patrick E. Fitzsimmons