IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| KRISTEN KING, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 1:19-cv-00077-GWC |
| ARAMARK SERVICES, INC., | ) |
| Defendant. | ) |

**[PROPOSED] ORDER**

AND NOW, this ___ day of _____ 2021, upon consideration of Defendant's Motion for Summary Judgment, and all responses thereto, it is ORDERED that Defendant's Motion is GRANTED, and Plaintiff's Complaint and all of her claims are hereby dismissed with prejudice.

BY THE COURT:

_____
The Honorable Geoffrey W. Crawford
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| KRISTEN KING, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ARAMARK SERVICES, INC., )<br>)<br>Defendant. )<br>) | Civil Action No. 1:19-cv-00077-GWC |

**DEFENDANT'S NOTICE OF MOTION FOR SUMMARY JUDGMENT**

PLEASE TAKE NOTICE that on December 13, 2021 at 9:00 a.m., or as soon thereafter as the matter may be heard, in the Courthouse for the U.S. District Court of the Western District of New York, 2 Niagara Square, Buffalo, NY 14202-3350, Defendant Aramark Services, Inc. ("Aramark") will and hereby does bring the attached Motion for Summary Judgment for hearing before the Honorable Geoffrey Crawford. This Motion seeks to dismiss all of the claims in the Complaint filed by Plaintiff Kristen King ("Ms. King") on the grounds of failure to state a claim under Rule 56 of the Federal Rule of Civil Procedure, and Local Civil Rules 7 and 56. This Motion is based upon the Complaint, this Notice, the separate Statement of Facts, the supporting Memorandum of Law, the Reply Memorandum of Law that Aramark intends to file and serve in further support of this Motion, the exhibits attached to the opening Memorandum of Law and Reply Memorandum of Law (if any), and upon such further oral and written argument as may be presented at or before the hearing.

Dated: November 1, 2021
       Philadelphia, Pennsylvania

Respectfully submitted,

MORGAN, LEWIS & BOCKIUS LLP

By: */s Anne E. Martinez*
Anne E. Martinez (*admitted pro hac vice*)

Charles J. Reitmeyer (*admitted pro hac vice*)
1701 Market Street
Philadelphia, PA 19103
Tel.: (215) 963-5718/4841
Fax: (215) 963-5001
anne.martinez@morganlewis.com
charles.reitmeyer@morganlewis.com

HODGSON RUSS LLP

Patrick E. Fitzsimmons
The Guaranty Building
140 Pearl Street, Suite 100
Buffalo, NY 14202
Phone: (716) 848-1710
Fax: (716) 961-9965
pfitzsim@hodgsonruss.com

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| KRISTEN KING, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ARAMARK SERVICES, INC., )<br>)<br>Defendant. )<br>) | Civil Action No. 1:19-cv-00077-GWC |

## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Defendant Aramark Services, Inc. ("Aramark"), through its attorneys, hereby moves this Court for an Order pursuant to Rule 56 of the Federal Rules of Civil Procedure granting Aramark's Motion for Summary Judgment thereby dismissing with prejudice the Complaint filed by Plaintiff Kristen King ("Ms. King") and all of the claims filed by Ms. King. The grounds for Aramark's Motion for Summary Judgment are as follows:

1. Ms. King has asserted claims of gender-based harassment, gender discrimination, and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq., a*s amended ("Title VII"). *See* Complaint ("Compl."), Counts 1, 3, and 5.[1]

2. Given Title VII's statute of limitations limiting Ms. King's claims to the 300-day period before she filed her Charge of Discrimination on July 18, 2018, Ms. King may not bring any claims based on alleged incidents occurring before September 21, 2017, which limits her claims solely to those based on the September 21, 2017 termination of her at-will employment.

---

[1] On July 30, 2019, this Court granted in part Aramark's Partial Motion to Dismiss, thereby dismissing Ms. King's state law claims under the New York State Human Rights Law, which were covered by Counts 2, 4 and 6 of the Complaint. Dkt. No. 16. Now only her Title VII claims, which are encompassed by Counts 1, 3 and 5 of the Complaint, remain.

3.      After two years of discovery, Ms. King has failed to adduce any evidence to prove that Griff Thomas, who is the only alleged harasser, subjected her to a hostile work environment based on her gender, or that Aramark terminated her at-will employment because of her gender or in retaliation for any protected activity.

4.      Ms. King's hostile work environment claim fails for multiple reasons.  As an initial matter, her claim is time-barred because the only timely incident in this Action was her September 21, 2017 termination, which was a decision made by two women who are not alleged harassers, and, therefore, does not support her claim that Mr. Thomas harassed her because of her gender. The alleged pre-September 21, 2017 incidents also constitute discrete events upon which a hostile work environment claim cannot be based.  Even if the Court decides to consider the alleged events occurring before September 21, 2017, her claim still fails because she has not identified any gender-related conduct or comments by Mr. Thomas, let alone gender-related conduct or comment that are sufficiently severe or pervasive to sustain such a claim.

5.      Ms. King's discriminatory discharge claim also fails for multiple reasons.  First and foremost, she has no evidence that the decisionmakers – who are both women – had a gender-based bias against her that resulted in the termination of her at-will employment.  She also cannot establish pretext to rebut the legitimate, non-discriminatory reason for her employment termination.

6.      Ms. King's retaliatory discharge claim is equally baseless.  While she alleges that she made multiple complaints of alleged gender-based harassment and discrimination throughout her employment, she has not identified any evidence that would establish a causal connection between her alleged complaints and her employment termination.  She also cannot establish that

2

but-for her complaints of alleged gender-based harassment and discrimination, Aramark would not have terminated her at-will employment.

7. Even if the Court decides not to dismiss all of Ms. King's claims, the Court should limit her potential recoverable damages.

8. Ms. King should not recover any economic damages because she failed to adequately mitigate her damages by applying for only six jobs in the first few months following her employment termination, and then withdrawing completely from the labor market. Alternatively, her economic damages should be limited to three months, which is the total amount of time that she spent looking for a new job after her Aramark employment ended.

9. Ms. King should not be able to recover tuition reimbursement benefits equal to the full cost of obtaining a second master's degree. She never actually applied to any master's program during or after her Aramark employment, and has not explained how a second master's degree would have been relevant to her Aramark job. Moreover, the Aramark tuition reimbursement program would have provided only $5,250 of tuition reimbursement.

WHEREFORE, for the foregoing reasons, and those contained in the accompanying Memorandum of Law, Aramark respectfully requests that this Court grant its Motion for Summary Judgment and dismiss Ms. King's Complaint in its entirety with prejudice. If the Court should not dismiss all of Ms. King's claims, it should order that her recoverable damages are significantly limited. Aramark further reserves the right to file a Reply Memorandum of Law in Further Support of Its Motion for Summary Judgment.

Dated: November 1, 2021             Respectfully submitted,
       Philadelphia, Pennsylvania
                                    MORGAN, LEWIS & BOCKIUS LLP

                                    By: /s Anne E. Martinez
                                    Anne E. Martinez (*admitted pro hac vice*)

        Charles J. Reitmeyer (*admitted pro hac vice*)
        1701 Market Street
        Philadelphia, PA 19103
        Tel.: (215) 963-5718/4841
        Fax: (215) 963-5001
        *anne.martinez@morganlewis.com*
        *charles.reitmeyer@morganlewis.com*

        HODGSON RUSS LLP

        Patrick E. Fitzsimmons
        The Guaranty Building
        140 Pearl Street, Suite 100
        Buffalo, NY 14202
        Phone: (716) 848-1710
        Fax: (716) 961-9965
        *pfitzsim@hodgsonruss.com*

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 1, 2021, a true and correct copy of the foregoing Defendant's Motion for Summary Judgment, separate Statement of Facts, supporting Memorandum of Law, supporting Exhibits, and Proposed Order were filed electronically and are available for reviewing and downloading from the ECF system of the U.S. District Court for the Western District Of New York, and that I served the same via e-mail upon the following:

>Josephine A. Greco, Esq.
>GRECO TRAPP, PLLC
>1700 Rand Building
>14 Lafayette Square
>Buffalo, New York 14203

>Attorneys for Plaintiff Kristen King

>>/s Anne E. Martinez
>>Anne E. Martinez